# EXHIBIT 1

**COURTHOUSE NEWS SERVICE**
30 N. Raymond, Third Floor, Pasadena CA 91103, (626) 577-6700, home@courthousenews.com

January 29, 2025

Thomas Ambrosino
Judicial Administrator
Executive Office of the Massachusetts Trial Courts
1 Pemberton Sq.
Boston, MA 02108

Dear Mr. Ambrosino,

I am writing from Courthouse News on the subject of public access to the courts of Massachusetts.

I wanted to respectfully ask for assistance in resolving delays in access to the new matters coming into the courts of Massachusetts -- the flow of new civil complaints that are a frequent source of news. Currently, access to the new complaints is delayed by clerical processing which turns the news into old news.

Like the Massachusetts courts, a great number of state courts throughout the nation lease software from Tyler Technologies for e-filing. Many of those courts provide access to general civil complaints when they are submitted, in other words, when they cross the electronic counter into the Court. Access is not delayed by processing.

Those courts include superior courts in California and New Mexico, a growing number of courts in Missouri and eventually statewide, courts in Georgia and Texas where Tyler is based, and Vermont courts statewide. Other state courts use different software vendors to provide on-receipt access in Alabama, Arizona, Iowa, Florida, New York, Nevada and Utah while Maryland, South Dakota and Oregon have agreed to implement on-receipt access. The federal district courts, including the U.S. District of Massachusetts, also provide public access at the time a new complaint is submitted.

Within courts using Tyler software, there are several less restrictive alternatives to the "no-access-before-process" policy currently operating in Massachusetts. They include providing access through a press review queue, using an auto-accept configuration, and developing an independent solution that works with Tyler software.

The public access potential in electronic filing is that it can cast sunlight on the business of the courts and preserve traditional access in the electronic era. The best witnesses to that tradition are two judges on the Eighth Circuit who commented from the bench during an argument in our case against Missouri:

"There was a time when -- and some in this room may remember it -- when you took a pleading to the courthouse and the clerk stamped it physically and it went into different bins and it was available immediately," said Judge Bobby Shepherd.

On the same bench, Judge Ralph Erickson, addressed the publicly paid lawyer arguing against public access on behalf of Missouri court administrators, "What we're saying is that, oh, for about 230 years, you can walk into a courthouse, into the clerk's office, and say, 'Hey, can I see what's been filed today.'"

Missouri Chief Justice Mary Rhodes Russell has since moved decisively in favor of public access at the time of receipt through a statewide auto-accept system that is currently being rolled out county by county.

I would respectfully ask that the Massachusetts courts stop the current practice of restricting access until after processing and instead use the technological revolution to preserve traditional access to the courts and indeed to keep with the substance and spirit of the First Amendment.

Thank you,
Bill Girdner
Publisher
Courthouse News
bgirdner@courthousenews.com